UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            CASE NO. 07-20460

v.                                    PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

WILLIAM ELIAS KHAMI,

        Defendant,
_____/

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE

Defendant filed a Motion to Suppress Evidence. The Court held oral argument on

January 24, 2008. Thereafter, the parties filed supplemental memoranda in support of their legal

arguments.

The Court, having read the briefs and heard argument, denies Defendant Khami's Motion

to Supplemental Evidence.

FACTS

Two separate federal law enforcement agencies were unknowingly, simultaneously

conducting separate investigations regarding the sale of large amounts of the controlled

substance "ecstacy."

One investigation was conducted by the Bureau of Investigation and Customs

Enforcement (ICE). The second was conducted by the Combined Hotel Interdiction

Enforcement Task Force (CHIEF), which included a component from the FBI, and later, an

added DEA component.

1

The ICE investigation, not the instant investigation, involved the sale of ecstacy to individuals traveling to Detroit from Milwaukee. The instant case involved the sale of ecstacy to individuals traveling to Detroit from St. Louis. Two totally separate incidents, investigated by two separate law enforcement teams.

This case arises out of the CHIEF investigation. CHIEF's investigation on August 28, 2007 included surveillance of three individuals, first defendant Stanciel and Willis, then Harrell with the latter surveilled to Defendant's home on Havana Street.

Thereafter, Defendant's picture was shown to co-defendant Willis who identified him as the supplier of the ecstacy to co-defendant Stanciel.

That a separate independent investigation (ICE) was taking place at the same date neither eliminates the reality of the instant investigation, nor provides confusion of the relevant facts supporting the instant charge.

The instant CHIEF investigation operated on its own "fours", with no knowledge on the day of the instant search warrant execution, of the other ICE investigation.

In the instant case, the issuing magistrate had probable cause to issue the search warrant, based upon the evidence presented to him. In the instant case, there was a nexus between the sale of the ecstacy, and the Defendant's residence at 19168 Havana, and surveillance at that address. The "totality of circumstances" approach, developed in *Illinois v. Gates*, 462 U.S. 213 (1983) as applied by this Court supports the issuance of the instant warrant. Further, if there was any deficiency with regard to the proceedings as to the warrant approved by the Magistrate, the Supreme Court holding in *United States v. Leon* 468 US 897 (1984) supports the officer's beliefs and conduct in the instant case.

The initial arrests in the instant case were made by the CHIEF task force. The arrested suspects (Stanciel and Willis) were interviewed at the Michigan State Police Post in Ypsilanti. Thereafter CHIEF and the Michigan State Police contacted the Federal Drug Enforcement Administration (DEA) and its SONIC task force (South Oakland Narcotics Interdiction Consortium) task force to take over the case. Agents from the SONIC task force came and interviewed the detained individuals, and thereafter applied for the instant warrant.

Simply put, the instant case agents had surveilled co-defendant Harrell to the Defendant's house where they saw an individual later identified by co-defendant Willis from a photo as Defendant Khami. Those facts, evidence secured from the arrested co-defendants detailing the trip from St. Louis to get ecstacy here in Detroit, and the surveillance of Harrell, the middleman, the presence of Khami with the brown bag that allegedly contained the ecstacy , provided probable cause to issue the search warrant.

Finally the Court does not find improper the fact that after the DEA SONIC team interviewed the co-defendants in Ypsilanti, they proceeded to their office in South Oakland County to write up and secure the search warrant from a district judge located in South Oakland County.

For the aforementioned reasons, the Court denies Defendant's Motion to Suppress Evidence.

SO ORDERED.


                                        S/Paul D. Borman

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 12, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 12, 2008.

S/Denise Goodine
Case Manager